Gershengorn, J.
Plaintiffs Everett W. Odell (“Everett”) and Evelyn I. Odell (“Evelyn”) filed suit against defendant Frederick H. Wilder, Jr. for his negligent representation of them in a fraudulent misrepresentation suit. Plaintiffs allege that due to defendant’s negligence, a Notice of Execution and a Notice of Sale of their home were served on them. Plaintiffs further allege and state in their answers to interrogatories that as a result of such notice being served, they have suffered from pneumonia, chronic bronchitis, severe headaches, emotional distress, insomnia, as well as other stress-related Alnesses, and flius included in this suit claims for negligent infliction of emotional distress.
Defendant has moved for summary judgment on the emotional distress claims, contending that plaintiffs have failed to present any evidence, particularly of expert medical testimony, indicating that their alleged harm is manifested by objective symptomatology (one of the elements of a claim for negligent infliction of emotional distress). Plaintiffs oppose the motion.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
To recover for negligent infliction of emotional distress, a plaintiff must prove; “(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.” Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993), quoting Payton v. Abbott Labs, 386 Mass. 540, 557 (1982). In order to prove the fourth prong, a plaintiff must present objective evidence of physical harm, substantiated by expert medical testimony. Sullivan v. Boston Gas Co., supra at 137-38.
In Sullivan v. Boston Gas Co., supra, the plaintiffs, whose home had exploded due to a gas leak, once challenged by defendant’s well-pleaded motion for summary judgment, submitted detafled, sworn affidavits of medical doctors to support their claims for negligent infliction of emotional distress. Those doctors averred that the plaintiffs suffered from headaches, muscle tension, and diarrhea. Id. at 131-32. The Supreme Judicial Court concluded that the introduction of such affidavits attesting to the existence of the alleged ailments precluded the entry of summary judgment in favor of the defendant. Id. at 139. In addition, the court found that plaintiffs had produced enough evidence of expert medical opinion linking their symptoms to the explosion to survive summary judgment. Id, at 140.
Here, while plaintiffs’ ailments, as alleged in their answers to interrogatories, may rise to the level of “physical harm,” there has been a complete failure on the part of plaintiffs to present objective evidence of such harm, substantiated by expert medical testimony. Sullivan v. Boston Gas Co., supra, 414 Mass, at 137. Plaintiffs have submitted nothing more than a brief, informal letter, signed by Dr. Thomas Matthew who has treated Everett only. As evidenced by büling sheets, this letter, not on formal letterhead, was drafted by plaintiffs’ attorney. In fact, the substance of the letter is wholly conclusory and it was clearly drafted only to oppose the motion for summary judgment.[2] Moreover, it was neither signed under the pains and penalties of perjury, nor did it constitute a formal affidavit.
*91 In addition, Evelyn has not submitted anything in support of her claim, other than the allegations contained in her unsubstantiated answers to interrogatories. Accordingly, plaintiffs have failed to meet their burden at summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED with respect to the claims for negligent infliction of emotional distress.

The only sentence from the letter which addresses plaintiffs’ ailments is as follows:
As Mr. Odell’s treating physician for many years, in my opinion, this cause of this pneumonia is consistent with a level of traumatic stress having been imposed on Mr. Odell which is greater than normal and which may reasonably be attributed to the fear of losing his home because of a Court Judgment obtained against him.